'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE _____NORTHERN_____ DISTRICT OF TEXAS
_____WHICHITA_____ DIVISION

JACKIE R. KEETER #00935295
Plaintiff's Name and ID Number

JAMES V. ALLRED UNIT
Place of Confinement

CASE NO. **7-24CV-084-0**
(Clerk will assign the number)

v.

MICHAEL WADDELL ALLRED UNIT
Defendant's Name and Address

NICKEY VAZQUEZ ALLRED UNIT
Defendant's Name and Address

SETH LIPPERT ALLRED UNIT
Defendant's Name and Address
( DO NOT USE "ET AL.")

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN - 4 2024

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legible  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

## LIST OF DEFENDANTS CONT

<u>CO JOHN DOE ALLRED UNIT</u>

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis.* In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."    *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? **XXX**YES ____ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe  the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: ___April 7, 2020_____

        2. Parties to previous lawsuit: JACKIE RUSSELL KEETER
           Plaintiff(s) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
           Defendant(s) ___KARLA  SADLAR,  CHRYSTAL  HUDSON,  AND  MICHELE  FLORIDA.___

        3. Court: (If federal, name the district; if state, name the county.) __NORTHERN___DISTRICT___

        4. Cause number: __1:20-cv-00066_____

        5. Name of judge to whom case was assigned: __MAGISTRATE  JUDGE  JOHN  R.  PARKER__

        6. Disposition: (Was the case dismissed, appealed, still pending?) ____STILL____PENDING____

        7. Approximate date of disposition: _____

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: ___JAMES V. ALLRED UNIT_____

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    XX_ YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: __JACKIE RUSSELL KEETER. JAMES V. ALLRED UNIT.__
2101 FM 369 N. Iowa Park, Texas 76367.

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: ___MICHAEL WADDELL CO #5 JAMES V. ALLRED UNIT. ADDRESS: JAMES
V. ALLRED UNIT 2101 FM 369 N. Iowa Park, Texas 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
HE RETALIATED AGAINST PLAINTIFF FOR FILING LAWSUITS AGAINST TDCJ, AND FILING GRIEVANCES.

Defendant #2: NICKEY VAZQUEZ SGT. JAMES V. ALLRED UNIT. 2101 FM 369 N. Iowa Park, texas
76367.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
SHE CONSPIRED WITH CO WADDELL TO RETALIATE FOR LAWSUITS, AND GRIEVANCES FILED BY PLAINTIFF.

Defendant #3: _SETH LIPPERT SGT. JAMES V. ALLRED UNIT. 2101 FM 369 N. Iowa Park, Texas 76367
CONSPIRED WITH DEFENDANTS 1 and 2 TO RETALIATE FOR PLAINTIFF FILING GRIEVANCES AND LAWSUITS.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: ___JOHN DOE CO. JAMES V. ALLRED UNIT. 2101 FM 369 N. IOWA PARK, TEXAS 76367

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
CONSPIRED WITH DEFENDANTS 1, 2, and 3, IN RETALIATION FOR FILING LAWSUITS AND GRIEVANCES.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Plaintiif is a well known writ writer/jail-house lawyer through the TDCJ prison system. After the Federal Court in Abilene, issued a 25 page order allowing Plaintiff to proceed past the screening process, the administartion of the Allred Unit among other TDCJ officials, which word was made known. Defendant Waddell started harrassing me, and making comments/reference to the pending lawsuit, and me filing grievances. Waddell would retaliate by denying me prvileges that he would allow other inmates, such as going stra- ight to commissary after getting off work. Defendant Waddell said that I could go to commissary, when I learned not to file law suits against the

VI.    RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

PlAintiFF seeKS: DeclARAtoRy JudGnenTj cOAPensAtoN And Punitive DAnAGeS,

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

JAckie Russell KeefeR

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDC 520802, 935295, Dont RenenbeR FeDeRAl #,

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES _✓_NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

STATEMENT OF CLAIM CONT

prison system, and grieving correctional officers. January 29, 2023, defendant
Waddell locked every inmate down that lived on 3 BLDG A-Wing, because one
inmate was caught smoking K-2 dope. Plaintiff was made because Officer Waddell
whom was assigned to the front desk, and not assigned to A-wing was admini-
stering corporal punishment to all of A-wing inmates.   The officer assigned
to A-wing that day, was Officer Johnson. When she came by my cell, to shut
the door, I ask her for a grievance. I told her that I was going to file
a grievance on defendant Waddell for corporal punishment. She left, and a
few minutes later, defendant Waddell appeared at my cell, jerked the door
open very hard, and ask "WHAT IS YOUR PROBLEM ANYWAY?" I stated   I   want a
grievance to write you up. He said you do, I said yes I do. Waddell said
well you and your celly step out, I am going to search your cell, I said
for what, Waddell said because I am going to break you from filing grievances
and lawsuits against us. Me and my celly stepped out, and officer Waddell
shook our cell down. He gave my celly a case, for a trash bag, and me a case
for having a small bag, that I used to keep my commissary in. However, the
inmate caught smoking dope received NO disciplinary case, and he was caught
red handed. The inmate wasn't even locked up. Defendant Waddell ask me, what
my statement was for the disciplinary case was going to be? I stated retal-
iation, and a violation of the first amendment. Waddell screamed "WHAT"!!!!
Waddell then backed out of my cell onto the run, and said in a loud voice.
"WHAT DID YOU SAY KEETER, YOU SAY THAT 20 CELL HAS ALL OF THE DOPE"!!!! Wa-
ddell said let me go and see. Waddell went to 20 cell and told them that
I was running my mouth about them having dope. I dropped a grievance against
Waddell that evening. The next day, at shift change, SGT Vazquez relieved
Waddell, he told her about me filing lawsuits, and threatening to write him
up, and that I did write him up. About 8:30 p.m. SGT Vazquez came to my cell
along with SGT Lippert, and CO John Doe, and made me leave for them to shake
my cell down. I ask SGT Vazquez if this was because of Waddell, and she said

## STATEMENT OF CLAIM cont

"no, you are on the cell search list." However, she never showed me, after I requested to look. Moreover, two SGT and a CO that isn't even assigned to a BLDG wing does not conduct cell searches. The officer that was working 3 BLDG A-Wing floor had already done all of the listed cell searches for the night, and I was not own that list. The 3 named defendants stayed in my cell for about an hour, and only searched my property, and left me cellys alone. SGT Vazquez, Lippert and CO John Doe, took numerous items, which are all listed on the attached grievances, that I attempted to file against the named three, which disapeared, and was never seen again. However, I made copies which are attached hereto. The items taken just too mention a few, were sexually harrasing notes toward me from other inmates, that I was kepping to use at trial in the Abilene Federal Lawsuit. The defendants also took, the 25 page order issued by the Abilene Federal Magistrate John R. Parker. In short, they left with a half a commissary bag of my property, and never showed me anything. Likewise, I never received any confiscation papers. However, I am a Transgender, and I had a pair of home-made panties, which I received a case for, and two pair of pants, that Defendant Vazquez claimed was altered to fit tighter. I was placed on rec restriction and commissary restriction. However, Defendant Vazquez went even farther, the next day, she went to my prison job, where I worked as an alteration tailor in the Laundry. Defendant Vazquez attempted to talk Laundry Captain XXXXXXXXXXXX Farris, into firing me. However, Captain Farris called me in, and talked to me, and after I talked to her, and explained everything mentioned herein, nothing more was ever said about the incident from Captain Farris. Finally, I submit, that had I not had a pending lawsuit against TDCJ, been a writ writer, threatened to file a grievance on Defendant Waddell, None of the above listed and shown retaliation would have occured. I would never had my cell searched by the 4 defendants, and I would never had a disciplinary case written against me for anything.

C. Has any court ever warned or notified you that sanctions could be imposed?  _____ YES  xxx NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: __4/25/24__
       DATE

*JACKie R. Keeter*

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____25____ day of __APRiL__ , 20 24 .
      (Day)        (month)     (year)

*JACKie Keeter*

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

CAUSE NO._____

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

WHICHITA FALLS DIVISION

---

JACKIE RUSSELL KEETER

Plaintiff,

Vs.

MICHAEL WADDELL CORRECTIONAL OFFICER V., NICKEY VAZQUEZ SGT. OF CORRECTIONS, SETH LIPPERT SGT. OF CORRECTIONS, JOHN DOE OFFICER OF CORRECTIONS.

Defendants.

---

## COMPLAINT WITH JURY DEMAND

### I. INTRODUCTION

This is a civil rights action filed by Jackie Russell Keeter, a State prisoner, for damages and declatory relief under 42 U.S.C. § 1983, alleging a violation of my First Amendment rights Freedom of Speech, by the above listed defendants for for filing lawsuits, and grievances which is a protected conduct of inmates.

### II. JURISDICTION

1.      The Court has jurisdiction over the Plaintiff's claims of violation Of federal constitutional rights under 42 U.S.C. §§ 1331(1), 1343 and 1983.

2.      Plaintiff brings this action declaratory relief and damges pursuant to 42 U.S.C. § 1983 to redress the depriviation, under color of state law, of rights secured by the United States Constitution.

3.      This Court has jurisdiction to grant monetary relief pursuant to 28 U.S.C. §§ 1331 and 1343, and to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the relevant events occured within this district; and pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and

-1-

belief, one or more defendants reside in and have offices in this district, and all defendants are residents of Texas.

5.      The court has personal jurisdiction over each and every defendant because, upon information and belief, all defendants are residents of Texas and were employed in Texas, acting under color of State law, during all relevant times.

### III. THE PARTIES

6.      Plaintiff Jackie Russell Keeter, a citizen of Texas, is a transgender woman in the custody of the TDCJ. She is serving a life sentence for indecency with a child, based on testimony that the victim later recanted. (1)

7.      During the relevant time frame, she was housed at all times at the James V. Allred Unit.
&X
8.      Defendant Michael Waddell was a CO V at the James V. Allred Unit during all relevant times. He is sued in his official and personal capacities.

9.      Defendant Nickey Vazquez is a SGT at the James V. Allred Unit during all relevant times. She is sued in her official and personal capacities.

10.     Defendant Seth Lippert is a SGT at the Allred Unit during all relevant times. He is sued in his official and personal capacities.

11.     Defendant John Doe was and is a Correctional Officer (CO), at the Allred Unit during all relevant times. He is sued in his official and personal capacities.

12.     Upon information and belief, all Defendants were residents of Texas and at all relevant times acted under color of state law.

### IV. FACTUAL BACKGROUND

A. Plaintiff had a First Amendment right to be free of retaliation after she filed a prior 1983 lawsuit against TDCJ, as well as threatened to file grievances against the named defendants...

13.     Plaintiff was assigned to the French M. Robertson Unit, and had been since 2002. Plaintiff was given a major disciplinary case for a dirty UA for methamphetamine.

---

ft. 1
See John Floyd, Little or No Accountability for Prosecutorial Misconduct (May 22, 2012), https://www.johntfloyd.com/little-or-no-accountability-for-prosecutorial-misconduct/ (detailing the circumstances surrounding Plaintiff's conviction, including potential violations by prosecutors of Brady-V-Maryland in failing to turn over evidence tending to show Plaintiff's innocence).

14.    Do to the dirty UA Plaintiff was reclassified as a G5.

15.    Plaintiff was moved to close custody February 28, 2019.

16.    A week later plaintiff was violently sexually assaulted by her cell-mate, Victor Robinson.

17.    Plaintiff filed a 1983 civil suit against the 3 UCC TDCJ Officers, for failure to protect from a known violent inmate.

18.    Plaintiff, was notified by the Federal District Court in Abilene that a Spears hearing would be held in September 2021.

19.    As a result of this Spears hearing, the Federal Magistrate sent a copy of the lawsuit to officials and the Warden of the Allred Unit, that caused Officers from the Allred Unit to learn of the lawsuit.

20.    The case in Federal Court in Abilene, is styled Jackie Russell Keeter v. Lorie Davis, et al., Cause No. 1:20-cv-00066.

21.    In October of 2022 the Federal Magistrate issued a 25 page order stating that Plaintiff stated a viable and complaint upon which relief may be granted.

22.    March 22, 2023; the Federal Court in Abilene appoint 3 lawyers from the Jackson Walker lawfirm to represent Plaintiff, due to the merits of the case.

23.    The Warden of the Allred Unit was notified regarding the October 2022 order from the Abilene Federal District Court.

24.    Guards here at the Allred Unit started treating me harshly in some ways.

25.    Plaintiff was later retaliated against behind this lawsuit, as well as filing and threatening to file grievances against guards here at the Allred Unit.

26.    Upon information and belief, prior to this complaint, the named Defendants had been accused of retaliating on other inmates for the same reasons as stated herein.


B.    Plaintiff's History Prior To events Giving Rise to this Lawsuit.

27.    Prior to the events described below, plaintiff has only had 2 minor disciplinary cases and one major disciplinary case in over 20 years of serving time in TDCJ.

28.    All past disciplinary cases contained non-violent incidents.

C. Defendants Waddell, Vazquez, Lippert, and John Doe, Violated Plaintiff's First Amendment Right, by retaliating against Plaintiff for filing a lawsuit against TDCJ Officials, and filing and threatening to file grievances against them. Both of these are protected conduct to which an inmate shall not be punished for or retaliated against.

29.     Plaintiff is a well known writ writer through the entire TDCJ system.

   1. Defendant Wadell retaliated against Plaintiff

30.     The first part of December 2022, Plaintiff returned to 3 BLDG, from work to where she lives.

31.     Defendant Waddell was working the front desk, where he is always assigned to work.

32.     Plaintiff noticed that Waddell was allowing other inmates returning from work to go straight to commissary.

33.     Plaintiff was returning from work herself, so she asked Defendant Waddell, if she could go to Commissary as well.

34.     Defendant Waddell stated "NO YOU CAN'T" because inmates that file lawsuits or grievances against us, or the system, I will always deny them any privilage that they are afforded. So, do without writ writer.

35.     Plaintiff admits that she was mad mad mad, but she calmed down, and thought that Defendant Waddell, would get over it.

36.     So, a second time, Plaintiff was returning back to his cell from work, and again plaintiff, sees defendant Waddell, allowing inmates returning back from work to go to the commissary. This is the middle of January 2023.

37.     Plaintiff again ask defendant Waddell if she could go to commissary, and again he stated "NO' because he was going to allow plaintiff to buy any stamps, typing paper or typing ribbons, which would aid her to file lawsuits, or grievances against them or the system that all of them work for.

38.     Plaintiff had no idea what to do, because the two denials regarding going to Commissary was minimal, even if it was out of retaliation for filing a pending lawsuit, and filing grievances on Correctional officers such as him.

39.     January 29, 2023, a female prison guard named Johnson was working 3 BLDG A-WING Pod. At the time she was working on the floor, and not in the picket, running the cell doors.

-4-

40.  Mrs. Johnson was doing her walk through, when she walked by 4 cell, the inmate assigned to 4 cell, was and had been smoking K-2, and she smelled it.

41.  Mrs. Johnson went back to the front desk, and told Defendant Waddell that the inmate in 4 cell on A-Wing was smoking K-2.

42.  Defendant Waddell told Mrs. Johnson, to rack up/lock down A-Wing One section. This kind of conduct had been going on for a while, and Plaintiff, was finally tired of being locked down and punished for 23 hours for something that she had nothing to do with.

43.  Mrs. Johnson came back to A-Wing, and told everyone to go to their cells. Mrs. Johnson started locking everyone up, on one row.

44.  When Mrs. Johnson, got to three row, and was shutting the door on 17 cell, plaintiff was up-set, and told Mrs. Johnson, to bring her a grievance, because plaintiff was going to write up officer Waddell, and her for punishing everyone else, behind one inmate smoking K-2, when all they had to to was lock-up the inmate, and write him a disciplinary case.

45.  When defendant Waddell came on the wing, he first went to the inmate, in 4 cell, and told him to quit smoking dope.

46.  Defendant Waddell, next came up to 17 cell, where plaintiff lived, jerked the cell door open, and ask, "what is your problem" in a hateful voice.

47.  Plaintiff said, I ask for a grievane, because she was tired of being punished for other people.

48.  Officer Waddell got mad, and said I told you not to be suing us or writing grievances on us.

49.  Defendant Waddell, then instructed plaintiff, and his celly Craig Edwards to step out, so he could conduct a cell search.

50.  Plaintiff said "you know this is retaliation. Defendant Waddell, stated, are you threatening me? Plaintiff said NO, and stepped out of the cell, with his celly.

51.  Defendant Waddell took about 15 minutes in plaintiff's cell, before calling plaintiff, and his celly back in.

52.  Onece back in the cell, defendant Waddell, held up a plastic trash bag, and said whos is this/ Plaintiff said it was hers, and Waddell said well you are getting a case.

53.  Plaintiff's celly Craig Edwards, said "NO" that's mine. Plaintiff was taking the blame, because Waddell had came after her, for filing grievances, lawsuits, and threatening to write Waddell up.

54.   Officer Waddell told plaintiff's celly, if I were you old man, I would stay out of this. But Edwards wouldn't so Waddell said you are also getting a case.

55.   Defendant Waddell, then turned on plaintiff, and said this        other bag is your, I found it in your locker. Plaintiff, said that little bag is what I keep my commissary in.

56.   Defendant Waddell, said he didn't care, he was writing the case anway.

57.   Defendant Waddell, said what is your statement for the case. Plaintiff, said retaliation, and a First Amendment right to file lawsuits, and grievances.

58.   At that statement Waddell, got mad, and said oh yeah, and back out on the run, and said "What, you are telling me that 20 cell has all the dope, let me go and see."

59.   Waddell walked down to 20 cell, jerked the door open, and said what are ya'll doing in here? The two inmates said nothing, why? Waddell, said, Keeter in 17 cell said ya'll had all the dope. The two inmates new plaintiff too well for that.

60.   Never the less, plaintiff received a case for contraband,   and   so did her celly.

61.   Defendant Waddell's conduct was only because plaintiff had filed a lawsuit against TDCJ, filing grievances in the past, and threatning to write a grievances against him, for corporal       punishment.

62.   Officer Waddell would not have left his assigned post, to shake down plaintiff's cell, had plaintiff not had a lawsuit pending, and then threatened to write Waddell up.

63.   inmates, that get their cell searched, is on a list daily a random list.

64.   The officer responsible for shaking cells down, are the officers assigned to that wing. Which would have been Mrs. Johnson, not Defendant Waddell.

65.   A inmate has a first amendment right to file grievances, or lawsuits to ask the Government for redress, of violations committed against them and their person, without being punished.

66.   Plaintiff received punishment of 30 days Commissary restriction, and 30 days rec restriction.

67.   Plaintiff, has shown a clear case of retaliation by defendant Waddell, and not merely conclusory allegation or de minimus accusations.

-6-

68.  Plaintiff, filed a motion for TRO against officer Waddell explaining that officer Waddell was retaliating against her, for the pending lawsuit in the Abilene Court. The Federal Magistrate John Parker in Abilene ask the Attorney General's Office to respond. Which they did.

69.  Plaintiff's request for a TRO with the Abilene Federal Court, alerted some iportant people to the problem, and the Warden of the Unit Timothy Hooper talked to Defendant Waddell, and Officer Waddell then backed off.

70.  Defendant Waddell's retaliation was enough to deter Plaintiff, from filing anything major against officer Waddel. Plaintiff did file a grievance against Waddell, but would not and did not file this 1983 civil suit until Officer Waddell retired in January Of 2024.

## 2.   Defendants Vazquez, Lippert, and John Doe retaliated against Plaintiff

71.  January 30, 2023, the night after Waddell's retaliation at 8:30 p.m., Plaintiff's cell door popped open.

72.  Plaintiff walked to the door, and SGT Vazquez pulled the door open. She had SGT Lippert, and officer John Doe with her. She said cell search and plaintiff, ask, is this about the problem with Waddell? SGT Vazquez said NO you are on the cell search list,.

73.  Plaintiff ask to see the list. Defendant Vazquez said NO harshly, go stand in the D-space. Plaintiff, told Vazquez, that she was on the cell search list a week ago, and cells only pop up, every 30 days, and besides SGT don't come to shake cells down, the officer on the floor does, and she has already did her cell searches in 3 section.

74.  SGT Vazquez again told plaintiff to go and stand in the D-space, that the floor officer had gone on break.

75.  Plaintiff walked out in the D-space, and looked up at the front desk, and saw the lady working our wing floor sitting behind the desk, relieving SGT Vazquez, while she was retaliating against me, on Waddell's word.

76.  While standing in the D-space, to other officers, came, and told the officer in the picket, that they were there to break, her and the floor officer. The woman in the picket was trying to shoo them away, and kept pointing to me. So, they left.

77.  The picket officer knew that SGT Vazquez was retaliating against me.

78. When Plaintiff looked up towards the front desk, she saw the A-Wing floor officer sitting behind the desk, waiting for SGT Vazquez, Lippert, and John Doe (CO), to finish retaliating against plaintiff.

79. It took about an hour, to finish skaking down, plaintiff's cell. When plaintiff entered the cell, SGT. Vazquez was walking out, with a bag of property. Never telling plaintiff what was in the bag.

80. Plaintiff noticed that nothing belonging to her celly was touched. Which is another sign, that plaintiff was being retaliated against.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

81. Some of the things stolen were the 25 page order issued in the already pending lawsuit against TDCJ, filed in the Abilene, Federal Division. Several pieces of sexually harrasing kites given to plaintiff by other inmates, that was going to be used in the pending 1983 civil suit. Plaintiff never received any of the items back, and received a disciplinary case for the kites that was realy legal work/evidence for court.

82. SGT Vazquez, also gave plaintiff a disciplinary case, for pants that defendant Vazquez claimed was altered. As well as, home-made panties, that plaintiff had due to her Gender Dysphoria (GD).

83. When the case that Waddell was ran, plaintiff received 30 days rec, restriction and 30 days commissary restriction. Then when the cases that defendant Vazquez gave to plaintiff, was ran, plaintiff, received 15 days rec restriction, and 15 days commissary restriction, for a grand total of 45 45.

84. Plaintiff received all of the above punishment for no other reason than excersising her right to file grievances and lawsuits.

85. A few days later, plaintiff's celly saw defendant Vazquez in the hallway, and told her about Waddell giving him a case, and Vazquez, told plaintiff's celly, yeah Waddell told me, and he said that it was because you got in his business. She said Waddell was after that white boy, your celly. See attached Declaration from Craig Edwards, at [EXHIBIT-A].

86. Plaintiff has shown with clarity, facts, and exhibits, that Defendant Vazquez, Defendant Lippert, and Defendant John Doe acted in retaliation, when plaintiff saught redress for wrongs done to her. The redress, such as filing grievances, or lawsuits is a protected conduct which the law is clearly established.


D. PAST CONDUCT OF THE DEFENDANT'S

87. Plaintiff incorpates by reference all previous paragraphs of this complaint as if fully set forth herein.

—8—

88. In a sworn inmate declaration, inmate Alex Contreras/AKA JO JO? AKA ALEXA. Details the brurality of defendant Waddell. See attached as [EXHIBIT-B]. These statements by JO JO, are completely evil, for what officer Waddell allowed to happen to her.

89. In the sworn inmate declaration of Robert Cooper, he explains how defendant Waddell shook his cell down and wrote him false disciplinary cases which were thrown out. Then he received another false case from officer Castillo, because defendant Waddell told her to do it. See attached [EXHIBIT-C].

90. In the sworn declaration of Dakota Wagner a Transgender, she explains that defendant Waddell retaliated on her, and other inmates for calling their family attempting to get help for an inmate named     Justin Szalla, which was Wagner's cell-mate at the time. Wagner goes on to state that she informed defendant on June 21, 2023, that her celly was threatening to kill himself, and defendant Waddell refused to do anything, and a few minutes later, a young man Justin Szalla, was found hanging in his cell. See attached [EXHIBIT-D].

91. The actions and omissions of Defendant Waddell are so grave that they violated contemporary standards of decency, and it is clearly established that such conduct is deliberately indifferent, violates the Eighth Amendment's prohibition of cruel and unusual punishment.

92. Likewise, the retaliation was a clear violation of the First Amendment to freedom of speech, and grieve the Government for redress of wrong doings.

93. Likewise, see the sworn declaration of Leo Bennett, which is a reflection of the allegations made by plaintiff in this case. See attached [EXHIBIT-E].

94. In this complaint, Plaintiff has: (1) shown that a specific constitutional right was violated, in this case, Plaintiff's First Amendment constitutional rights were violated by the defendants; (2) The defendants intended on retaliating against plaintiff for filing a 1983 civil rights suit against TDCJ, filing other grievances on the Allred Unit, as well as on January 29, 2023 threatening to file a grievance against defendant Wadell; (3) this was clearly a retaliatory adverse act, brung on because plaintiff was merely doing what he had a protected right to do; and (4) Had plaintiff not been a writ writer that filed lawsuits on TDCJ, as well as grievances against TDCJ correctional officers, the advserse act would not have occured.

95. I was afraid of filing any griavances against the defendants, however, I notified the Abilene Federal Court of what was going on, the cat was out of the bag, as to say.

96. The above conduct as listed by the above defendants, were enough to prevent plaintiff from filing this 1983 civil suit sooner. Defendant Waddell retired in January of 2024, and Defendant Vazquez was moved to the other side of the Unit. So, I felt safe about filing this suit.

97.    Finally, plaintiff presents as [EXHIBIT-F], the sworn declaration from of Edward Munoz, who swore that Defendant Waddell came to his cell accusing plaintiff of saying that him and his celly had drugs. This was all part of defendants Waddell's retaliation against plaintiff for filing lawsuits, grievances, and threatening to file a grievance on Waddell.

98.    The harm to Plaintiff, was to her first Amendment rights, also as a result of the Defendants' misconduct, including excruciating emotional pain, as well as lasting phychic trauma. Thus, Plaintiff is entitled to recover compensatory damages against all Defendants seperately and severally for the injury caused to his constitutional rights, as well as, punitive damages in their personal capacities.

### V.
### VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

99.    Plaintiff has exhausted her administrative remedies with respect to all claims against defendant Waddell. The step one and Two grievances are attached hereto the original 1983 application and complaint as [EXHIBIT-G].

100.   In 2021, plaintiff filed and requested a TRO from this Court, to order the Allred grievances department to stop losing and destroying grievances, to avoid civil liability.

101.   Along with the TRO request, plaintiff, attached declarations, from other inmates, that were similiar situated because they too had the same complaint/problem about the grievance department losing or destroying their grievances as well.

102.   Administarive exhaustion remedies are unavailable as to defendants Vazquez, Lippert, and CO John Doe.

103.   An inmate's obligation to exhaust hinges on the "availiability" of administrative remedies. A prisoner is thus required to exhaust only those grievances procedures that are "capable of use" to obtain "some relief for the actions complained of."

104.   In this case plaintiff filed a step one grievances against defendants Vazquez, Lippert, and CO John Doe. See attached [EXHIBIT-H].

105.   This grievance was returned as being filed to soon. Plaintiff placed the grievances back in the box. Plaintiff did this at least 3 times.

106.   Plaintiff never saw this grievance again. The grievance department said that it was returned again February 7, 2023. However, defendant Vazquez passed out mail that night. The reason plaintiff remembers this, is because February 7th, is her birthday, and she stayed up all night, and saw defendant Vazquez passing out the mail. No doubt she intercepted the grievance and desposed of it.

107.    Plaintiff, even attempted to file a step-two grievance which was returned unprocessed.

108.    Plaintiff again filed a step-one grievance against defendants Vazquez, Lippert, and CO John Doe. Plaintiff again never received any response, which seems to be the norm for the Allred grievance department. See attached [EXHIBIT-I]. Which is a copy of the missing step-one grievance.

109.    Plaintiff, did his part by filling out the grievance forms, and then placing them in the grievance box for processing. However, plaintiff had NO available remedies to exhaust the forgoing claims, with respect to defendants Vazquez, Lippert, and CO John Doe.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

1.    A declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

2.    Appropriate psychiatric treatment and counseling of Plaintiff's emotional distress and injuries suffered as a result of defendants' acts and omissions;

3.    Compensatory damages, including damages for the injuries to Plaintiff's rights, excruciating emotional pain, and last psychic trauma, against each defendant;

4.    Punitive damages against each Defendant;

5.    Reasonable attorney's fees and cost pursuant to 42 U.S.C. § 1988; and

6.    Such further relief as the Court may deem just and proper.


Respectfully submitted,

/s/ _____ 4/25/24

Jackie R. Keeter/Plaintiff
TDCJ-ID #00935295
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

[EXHIBIT-A]
[DECLARATION OF CRAIG EDWAARDS]

### INMATE DECLARATION OF CRAIG ALEXANDER EDWARDS:

Craig Edwards hereby declares:

I have been incarcerated for 18 years of a Life Sentence here at the James V. Allred CID Unit of the Texas Department of Criminal Justice. In January of 2023, me and my celly were retaliated against by Officer Wadell. He gave us both cases, from a retalitory shake-down of our cell. Me and my celly both filed on Officer Wadell, and this resulted in Sgt Vasquez retaliating against my celly. In February of 2023, I saw Sgt Vasquez in the hallway, and I told her, that her boy wadell gave me a case. She said yeah, I know, because you got in his business, when he was after that white boy Keeter, [your celly]. Vasquez, then said what has that white boy ever done for you. Nonetheless, I was on restriction. Vasquez and wadell kept harrassing my celly Keeter. However, Keeter had another 1983 lawsuit filed in the abilene Federal District Court. So, Keeter filed a request for a TRO along with a Motion for an injunction. The Federal Magistrate John Parker, ordered the Texas Attorney General's Office to file a response, as to why my celly should not be placed in Safe Keeping by the 15th day of March 2023. The General Counsel for TDCJ in Huntsville, then emailed the Unit Classification lady Mrs. Vitolo, and told her to place my celly Jackie Keeter in safe keeping. My celly was interviewed by Lt. Young. Lt. Young went through the steps thus far, and NO safe keeping for my celly. So, as a result, Sgt Vasquez has now started harrassing me. I am a Baker in the kitchen, and because I am required to stay in the kitchen sometimes, up too 12 hours a day. Sgt Vasquez has called the kitchen, and told Officer Ballporter, to write me a disciplinary case for being out of place. Officer Ballporter said why, he is doing his job. Sgt Vasquez got mad. Officer Ballporter approached me, and asked what Sgt Vasquez had against me. I explained to her about what had trasnspired between Vasquez, Wadell, me, and my celly. Ballporter then informed me, that I should stay clear of Vasquez.

I returned in from work at around 12:45 a.m. Sgt Vasquez was at the front desk. She looked at me, and said Edwards, don't let those people in the kitchen get you fucked off. Because if you do not start coming back to your cell by 10:00 p.m. every-night, I will come up with something to write you a case for and get you fucked off. Everything that is happening to me, is in retaliation for my celly filing against them for me and him. My celly has a TRO and Motion for an Injunction filed against Vasquez and wadell in Federal Court in Abilene, and they are afraid to mess with my celly, so they are taking it out on me, until they can start on my celly again.

I Craig Alexander Edwards TDCJ-ID #1326400, declare under penalty of perjury that the foregoing is true and correct. Executed at the James V. Allred Unit on March 19, 2023.


/s/
Craif Alexander Edwards #1326400
Affiant

[EXHIBIT-B]
[DECLARATION OF ALEX CONTRERAS]

## INMATE DECLARATION OF ALEX RAY CONTRERAS:

Alex Contreras hereby declares:

I have been incarcerated for 12 years of a 28 year sentence. I am now assigned to the James V. Allred Unit. I was housed on close custody 8 Bldg from August to October of 2021. I was in J-Wing Cell 23 Bottom bunk. At the time, a Correctional Officer by the name of Wadell always used to work the front desk. For some unknown reason, Officer Wadell took an automatic dislike to me. At the time, I was housed with a very violent inmate, and I am a non-violent inmate. My cell-mate was always beating me up, because he didn't like Transgenders. I went to officer Wadell, which was a mistake, and ask him to please move me to another cell. He refused, even after I told him what was going on. However, officer Wadell did talk to my celly, and encouraged him to continue to beat me up, and promised him, that nothing would happen to him. I finally couldn't take it anymore, and cut myself, and had to be sent to the prison medical hospital for treatment. I attempted to file an IPI [Inmate Protection Investigation], report against Wadell, but they refused me. I thought that I could get away from what was happening to me. However, the Monford Unit Adminstration refused to file the IPI, and told me that I would have to wait unitil I was returned to the Allred Unit to file an IPI. In the past I had filed an IPI against several of my cellies for forcing me to have sex with them. Basically, sexually assaulting me. I had ask for Safe Keeping on each occasion only to be denied. Each time safe prisons said the same thing unsubstantiated. Nonetheless, I waited until I was returned back to the Allred Unit, and requested to file aan IPI. On February 17,2023, I was interviewed about my IPI, by a Lt. Rushing. She basically refused to file the IPI against officer Wadell for getting my ex celly to beat on me.

A few days later, I was in the Commissary line, when this Officer came and told me that Officer wadell wanted to talk to me. I walked back to the front desk on 3 Bldg, were, Wadell was working, and he said, LT. Rushing called me, and said that you tried to file a IPI against me. I was afraid to say anything. Officer Wadell was retaliating against me. He then told me, that if I ever brought up his name in anything else again, that he would have every-person on A-Wing where I live drug tested, and tell them all, that I was the one that told on them. I was scared, this is a dangerous Officer, that should been in handcuffs a long time ago. This same statement came from other Correctional Officers withen the last few weeks. Officer Wadell has retaliated against several other inmates in the past, had inmates beat up, most inmates are afraid to say anything against him. Likewise, Officer Wadell, encourages Sgt Vasquez to do the same thing, and that is go behind him, and retaliate as well.

I Alex Ray Contreras TDCJ-ID #01776316, declare under penalty of perjury that the foregoing is true and correct. Executed at the James V. Allred Unit on March 9, 2023.

/s/ Contreras, Alex, Ray  TX08132517
Alex Ray Contreras #1773616
Affiant

[EXHIBIT-C]
[DECLARATION OF ROBERT COOPER]

## INMATE SWORN DECLARATION OF FACTS

"I Robert Cooper TDCJ-ID #01996766, declares that I am over the age of 18, and competent and able to make this affidavit of fact, and do swear that the following is true and correct under the penalty of perjury."

"On April 2, 2023, my cell was shook down with no probable cause by Sgt Vaden and Officer Waddell. (I was not on the cell search shake-down list). Shortly afterwards, I received a contraband case for a homemade lighter, which in the report was said to have been found in my possession; case Number 20230139833. However, the substitute counselor found that there were NO merit to sustain these allegations, and dismissed the disciplinary case. On the same date female officer Castillo was instructed (as she told me) to write a code 20 case on me by Sgt Vaden and Waddell, which she did. In the report she stated I was standing in the door with the light on masturbating at 11:00 a.m. The camera shows this was also a False accusation. Case Number 20230139829. Theres a concerted effort by this group, Waddell and Sgt Vaden to do harm to any inmate that they do not like. And they often target individuals whos sexual preference differ from theirs, or ones who has a mental impairment such as myself."

"I Robert Cooper TDCJ-ID #01996766 do swear under penalty of perjury that the foregoing statement is true and correct, so help me God."

SIGNED ON THIS THE 2ND DAY OF JULY, 2023.

/s/ _Robert Cooper_

**Robert Cooper**
**AFFIANT**

[EXHIBIT-D]
[DECLARATION OF DAKOTA WAGNER]

INMATE SWORN DECLARATION

"I Dakota Wagner TDCJ-ID #2256735, do hereby state that I am over the age of 18, and am competent to make this sworn declaration of fact."

"I was the cellmate to an inmate named Justin Szalla. Sometime in April, he was having sever siezures. He Could not stop. Me and other inmates reported it to Sgt Vaden and Officer Waddell. They responded by going to our wing, to check on my celly. They found him laying outside of the cell, on the run, having another Siezure. Officer Waddell responded by proding my celly in the chest with his foot, and saying get up, and quit faking. I know your faking. Sgt Vaden and Officer Waddell picked my celly up by the feet and hands and chunked him in the cell and slammed the door and both men left!"

"Other inmates went and called their families and told them what Vaden and Waddell had done. So, those family members called my cellys family, and told them what was going on. That family called the unit, and Officer Waddell got mad, and came back to our wing and said I know someone from here called on me. Now I am going to start shaking your houses down. Officer Waddell did exactly that, he shook our houses down and wrote several bogus cases."

"This was in retaliation for his getting in trouble. However, Officer Waddell was not done with ratilating againumt me poor celly. On June 21, 2023, my celly said he was going to kill himself. I went to the front desk and reported this to Officer Waddell. I told him that my celly was talking about killing himself, and officer Waddell responded by telling to get away from the front desk or he would write me an out of place disciplinary case. So, I walked off. About 30 minutes later, my celly Justin Szalla was found hanging dead in our cell. They wouldn't even cut him down for at least 30 minutes."

SIGNED ON THIS _7th_ DAY OF JULY, 2023.


"I swear under penalty of perjury that the foregoing statements are true and correct."

/s/
Dakota Wagner
AFFIANT

[EXHIBIT-E]
DECLARATION OF LEO BENNETT]

## INMATE DECLARATION OF LEO BENNETT

"My name is leo bennett TDCJ-ID#01756879. I hereby assert that I am over the age of 18, and am competent to make this affidavit of fact, and hereby hereby state and swear under penalty of perjury that the following facts are true and correct."

"Everything mentioned herein occured in February of 2022." "In February of 2022 I stopped at the front desk and ask Officer Waddell for a Grievance, and he threatened to lock me up and write me a case for being out of place. I stated that it is my right to file a grievance if I have a problem with an officer. Hr said that I needed to watch who I wrote up. I turned and left without a grievance to keep from being locked up. About 30 minutes later, officer Waddell came to my cell to shake me down, even though he was not assigned to my wing. I ask him what I was being shook down for, and he said that sence you want to write us up, I am going to see what I can write you up for. Thank god he didn't find anything, but he through my things all over the cell, and ruined some of my family photos by pooring coffee and water all over them. Some where pictures of my dead grandmother, that I can't re-place. I filed a grievance on officer Waddell, for retaliation. I did this the very next day. I never saw the grievance again, after I dropped it in the grievance boxX. The grievance department here, throws away grievances filed against certain officers. Anyway, for filing the grievance against officer Waddell Sgt. Vazquez, came and shook my house/cell down. She found a shank that belonged to my celly, and blamed me, and locked me up, for a couple of weeks and then I was released without a case, or any kind of punish-ment. I then filed another grievance against Sgt Vazquez for retaliation, and that grievance also came up missing."

"All of the above are true and correct. This unit on a daily basis reta-liates on any inmate that files grievances or lawsuits. Then all grievances are disposed of by the grievance department to try and stop any potential lawsuit from being filed."

SIGNED ON THIS THE 17 DAY OF July 2023.

/s/

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
Leo Bennett ~~No. 01756879~~
AFFIANT

[EXHIBIT-F]
[STEP ONE & TWO GRIEVANCES AGAINST DEFENDANT WADDELL]

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: **20230063448**

Date Received: **FEB 03 2023**

Date Due: **MAR 15 2023**

Grievance Code: **812**

Investigator ID #: **I2744**

Extension Date: _____

Date Retd to Offender: **FEB 1 4 2023**

Offender Name: **Keeter Jackie**    TDCJ # **00935295**

Unit: **JA**    Housing Assignment: **3-A-17-T**

Unit where incident occurred: **James V. Allred Unit**

---

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? **Officer Wydell**    When? **1/29/23**

What was their response? **Retaliation**

What action was taken? **Nothing but one threat after the other.**

---

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

On January 29, 2023, Officer Johnson came to A-wing 1 section and said to rack up. Every day it is the same thing. They watch the inmates smoke, and we have to be forced to smell K-2 smoke every day, in violation of the 8th amendment. To see this just look at the cameras. However, when Mrs. Johnson came by my cell, I ask her for grievances, because I was tired of being racked up for what other poeople are doing. Mrs. Johnson went and told officer Wydell, and he came to my cell, and ask what my problem was, and I said I want a grievance, and he said Oh realy, I smell smoke. All this can be seen by looking at the cameras. Me nor my celly smokes. All this in retaliation because I ask for a grievance, something that I had the right to do. It's called protected conduct. After Wydell shook my cell down, he found a laundry bag. He said what is your statement. I said retaliation. He got even madder. He then said what? Your saying that 20 cell has the dope. I said, I never said anything like that. He went down to 20 cell, and I don't know if he said anything to him, but Officer Wydell was getting loud out on the run, implying that I was snitching. Moreover, because I have a pending lawsuit against TDCJ I have lost my good job, in ECB, had my cell shaken down, been thretaned by Officer Wydell, and Officer Wydell then started spreading a rumor that I was snitching. I am being retaliated against because I merely ask for a grievance, and due to the fact, that I have a pending lawsuit against TDCJ for failure to protect. Likewise, officer Wydell is running a quota on disciplinary cases. All of the above adds up to a viol- ation of my 1st, 8th and 14th amendment rights. Everything that has happened to me, in the form of retalkiation will be brought up at my Federal Trial. As long as officials don't have to answer to their unconstitutional actions, they will con-

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

tinue to mistreat inmates in this manner.

**Action Requested to resolve your Complaint.**

I simply ask to not be retaliated against for something that I have the right to do.

**Offender Signature:** _____     **Date:** 1/29/23

**Grievance Response:**

The investigation of this grievance is complete. Your complaint is noted; however, the allegations presented could not be sustained as you reported to suggest employee misconduct by Officer Waddell. This is for your information. No further action is warranted.

**Signature Authority:** _____     **T. Hooper, Asst. Warden**     **Date:** FEB 1 3 2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2" align="center">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F

OCT 0 3 2023



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE

**OFFICE USE ONLY**

Grievance #: 2023063448

UGI Recd Date: FEB 1 6 2023

HQ Recd Date: FEB 17 2023

Date Due: 3/28/23

Grievance Code: 812

Investigator ID#: I2054

Extension Date: MAY 0 7 2023

Offender Name: Keeter  Jackie    TDCJ # 00935295

Unit: JA    Housing Assignment: 3-A-17-T

Unit where incident occurred: James V. Allred Unit    3A-17T

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

My step-1 grievance was not addressed by the evidence. On january 29, 2023; I ask officer Johnson for grievances, because I was tired of being racked up for other people smoking in the day-room, when they know exactly who the smokers are. Mrs. Johnson went back out to the front desk, where officer Wadell was assigned to work, and info-rmed him, that I was going to file grievances because he was racking us up. Officer Wadell left his post and came to my cell jerked open the door and said what is your problem? I said I want some grievances so that I can complain about being racked up do to other people smoking. Wadell got mad, and said well you know what, I think that I smell smoke in here. I said NO you don't me and my celly do not smoke. He said well step out so I can search. He then came into the cell, and gave me a case for a home made bag, that I used to put my pouches in, and gave my celly a case, for a wash bag. What does any of those items have to do with smoking? It was done out of retaliation for me wanting grievances to grieve/complain. That is clearly a protected conduct that inmates have. The answer on the step-1 grievance said that my complaint against officer Wadell is clearly noted, and that there is unsubstained evidence to suggest employee Misconduct. There is plenty of evidence to support my step-1 allegations.

(1) Officer Wadell was assigned to the front desk; (2) Why did he leave the desk to come down to A-Wing after we were racked up, and come to my cell; (3) Why did he shake our cell down; and (4) there is evidence on record to show that he gave me and my cellycelly cases. The shake down performed by officer Wadell was out of retaliation for me asking for grievances. This is a serious misconduct for a correctional officer.

---

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _____     **Date:** 3/15/23

**Grievance Response:**

Your claims have been investigated by this office. You were appropriately advised at the step 1 level. There is no evidence to prove officer Waddell was retaliating against you or yelled that you were a snitch. Officer can conduct a cell search if the officer believes it is appropriate due to security concerns. There is no evidence of policy violation or employee misconduct. No further action is warranted by this office.

**Signature Authority:** _J Back_     **Date:** MAY 3 1 2023

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted.** *

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

**Appendix G**

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** ____ |
| Date UGI Recd: ____ | |
| Date CGO Recd: ____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: ____ | |
| Date Returned to Offender: ____ | |
| **2nd Submission** | **CGO Initials:** ____ |
| Date UGI Recd: ____ | |
| Date CGO Recd: ____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: ____ | |
| Date Returned to Offender: ____ | |
| **3rd Submission** | **CGO Initials:** ____ |
| Date UGI Recd: ____ | |
| Date CGO Recd: ____ | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: ____ | |
| Date Returned to Offender: ____ | |

[EXHIBIT-G]
[STEP ONE & TWO FILED AGAINST VAZQUEZ,LIPPERT JOHN DOE NEVER FOUND]

VAS 1st

OFFICE USE ONLY



# Texas Department of Criminal Justice

# STEP 1

## OFFENDER GRIEVANCE FORM

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: ~~Keeter      Jackie~~     TDCJ # ~~00935295~~

Unit: __JA__     Housing Assignment: ~~3-A-17-T~~

Unit where incident occurred: ~~James V. Allred Unit~~

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? ~~SRGT Vasquez Said it was a random search~~ When? ~~1/30/23~~

What was their response? ~~Said that I was a random cell search~~

What action was taken? ~~NOTHING YET!!!!!!~~

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

~~This is a grievance filed do to retaliation. I was retaliated against by officer Wydell. I filed an emergency grievance against him. In return, January 30, 2023, around 6:30 and up my door was rolled and in wlaked SRGT vasgez, SRGT John Doe and an ex LT John Doe came for a cell search during the night. However, this was set up by officer Wydell in retaliation. After the search was complete, I ask SRGT Vasquez, why I was being shaken down, and she said, that I was on the shake down list. That is a lie. This was is retaliation for the day before, when I told Wydell that I was going to file a grievance for us being racked up every night. I am missing a copy of my Federal Court order confining my lawsuit against TDCJ. The entire 25 page order is gone. It was issued November 8, 2022. Therefore, not just retaliation against me, but also they stole some of my legal work, of an on going litigation against TDCJ. This conduct by the above mentioned future defendants, violated my 1st. 8th. and 14th amendment rights to the United States Constitution. Filing a grievance or a lawsuit is known as protected conduct. I can't be punished for doing a protected conduct. I am filing another 1983 lawsuit. At the next in and out, the female officer on the floor refused to let me into the dayroom. NO doubt to keep me from calling my family. Therefore, I was denied access to the courts by my legal work being stolen, and my rights to communicate with the outside I am not on restriction.~~

---

**I-127 Front** (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

**Action Requested to resolve your Complaint.**

I am requesting that all retaltiation be stopped ASAP.

**Offender Signature:** _____ **Date:** 2/23/23

**Grievance Response:**

**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



**OFFICE USE ONLY**

Grievance #: _____

UGI Recd Date: _____

HQ Recd Date: _____

Date Due: _____

Grievance Code: _____

Investigator ID#: _____

Extension Date: _____

# Texas Department of Criminal Justice

# STEP 2    OFFENDER GRIEVANCE FORM

**Offender Name:** Keeter Jackie    **TDCJ #** 00935295

**Unit:** JA    **Housing Assignment:** 3-A-17-T

**Unit where incident occurred:** James V. Allred Unit

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I didn't receive an answer within the 40 days as set out in the time-line for receiving an answer to a step-1 grievance, nor did I receive an extension of time. I am attaching 1 of 5 copies that I have. Moreover, it is believed that Sgt Vasquez had something to do with the step-1 grievance out of court. She figures that this will keep me out of court. However, Federal Courts have said that after the final time has ran, for an institution to answer a grievance, it is considered exhausted, and a 1983 lawsuit may be filed. See Powe-V-Ennis, 177 F.3d 393, 394 (5th Cir. 1999)("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the State's time for responding thereto has expired."). Nonetheless, This grievance is the product of retaliation because I was exercising my first amendment right to grieve/complain about a retaliation shake down, by another Officer named I filed a grievance on officer Wadell for shaking my cell down because I ask for a grievance to grieve/complain. The next night, Sgt. Vasquez along with another Sgt. John Doe, and CO John Doe came and shook me down because I filed on Officer Wadell. Officer wadell put Sgt Vasquez up to this, because they are a part of the good ole boy system here on the Allred Unit. The two Sgts and CO tore my cell up, and stole several items from me. This is common conduct for Officer wadell and Sgt Vasquez. They are never punished for it. Most inmates are afraid to challenge them on this issue. At the time, Sgt Vasquez or officer Wadell or the other two, have yet too have anything done to them. Moreover, Sgt Vasquez has said in the past that she is not afraid of grievances, because if one is filed against her, it will never be seen again. It is obvious that she made true on that statement.

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _John Watkins_      **Date:** _Feb 15, 2023_

**Grievance Response:**

**Signature Authority:** _____    **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.

☒ **1. Grievable time period has expired.**

☒ **2. Illegible/Incomprehensible.***

☒ **3. Originals not submitted. ***

☒ **4. Inappropriate/Excessive attachments.***

☒ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☒ **6. Inappropriate.***

**CGO Staff Signature:** _____

<table>
<tr><td colspan="2"><strong>OFFICE USE ONLY</strong></td></tr>
<tr><td><strong>Initial Submission</strong></td><td><strong>CGO Initials:</strong> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened   ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><strong>2nd Submission</strong></td><td><strong>CGO Initials:</strong> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened   ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><strong>3rd Submission</strong></td><td><strong>CGO Initials:</strong> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened   ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
</table>

         **Appendix G**

[                                        [EXHIBIT-H]
 [SECOND STEP ONE GRIEVANCE FILED AGAINST VAZQUEZ,LIPPERT,JOHN DOE NOT FOUNDN]

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: ~~Keeter Jackie~~   TDCJ # ~~00935295~~

Unit: ~~JA~~   Housing Assignment: ~~3-A-17-T~~

Unit where incident occurred: ~~James V. Allred Unit~~

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? ~~Sent Warden Smith an I-60~~   When? 2/1/23 ~~February~~

What was their response? ~~NONE~~

What action was taken? ~~NOTHING.~~

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

~~This Grievance is being filed because I just discovered more violations against my Constitutional rights. I filed a grievance against officer Wydell for retaliating against me for asking about a grievance, and because I have a pending Civil Suit against TDCJ for failure to protect. On January 30, 2023, officer Vasquez came to my cell, along with another SRGT and a CO. This was in retaliation for me grieving officer Wydell, and my lawsuit against TDCJ. The search was done between 8:00 p.m. and 9:00 p.m. When they left I ask SRGT Vasquez what was the deal, she said you were on the shake-down list. I was NOT, that can be seen by simply checking the computer print out will show that I wasn't. When they all left, they had almost a half a bag full of things. They never showed me what was in the bag, or nothing. I never received any confiscation papers on anything taken from my cell. However, in the last few days, (1) The law book that I wrote, and was published by Cadmus Publishing: Keeter & Sinquenfield's Habeas Citebook: How to Overcome Prosecutorial Misconduct; (2) Sexual Harassing letters from other inmates, that were being saved to use in Court; (3) Three (3) pair of sox; (4) One (1) pair of shorts; Two (2) tablets of typing paper; (5) A Court ruling on my pending civil suit issued November 3, 2002 confirming that I had a lawsuit. This big bag of stolen property can be seen by viewing the camera on 1/30/23 between 8:00 p.m. and 9:00 pm.m. I hereby request that the video be saved for future court filings. It is crazy, because Officer Wydell, and SRGT Vasquez both have been in trouble on numerous occasions for destroying inmates property out of retaliation for grievances or other things. This can all be seen by looking at their prison work records through TDCJ or this Unit. On 2/8/23, I was served a minor disciplinary case, then a few hours later, I was given Commissary and rec restrictions.~~

---

case, is all tied to the retaliation, from the shake down due to me filing a grievance and asking for grievances. Likewise, me being given and punished for this, violates my 14th amendment right to equal treatment of offenders. I was given a case because my pants being too tite, a pair of home-made panties, and some letters from other inmates which I was going to use, in my upcoming trial in Abilene Federal Court. I was basically given a case for court evidence. However, there are several inmates that are allowed to set in the day-rooms, and their cells and smoke dope all day long, all along telling them to be good if they smoke, or please open the window, that stuff stinks. But they never get a case for it.

**Action Requested to resolve your Complaint.**
I hereby ask that I stop being retaliated against for things that I have a right at law.

Offender Signature: _____ Date: 2/15/24

**Grievance Response**

Signature Authority: _____ Date: _____
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

[EXHIBIT I]
[AFFIDAVIT EDWARD MUNOZ]

## INMATE DECLARATION OF EDWARD MUNOZ

"I Edward Munoz TDCJ-ID #02353425, hereby declare that I am over the age of 18, and am competent to make this affidavit of fact."

"January 29, 2023, me and my cellmate was in our cell talking 3_a-20 cell. I heard something going on down the run from my cell. All of a sudden the door popped open and Officer Wadell stepped in and ask what we were doing in here. My celly said just talking why. Officer waddell said well someone down the run is running his mouth."

"Officer waddell stepped out, and as he walked away, I heard him say NO KEETER YOU ARE WRONG, THEY DON'T HAVE THE DOPE."

"Officer Waddell was attempting to make Keeter look like a snitch, simply because Keeter ask for a grievance to write him up for racking us up."

"I am swearing to this declaration because it is the right thing to do. I am not being preassured or coersed in any way into giving it so help me."

Signed on this the _8_ day of _OCT,_ 2023.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

I Declarant hereby certify that the foregoing is true and correct to the best of my ability and knowledge. I do this by signing my name below.

/s/
Edward Munoz
Declarant

CAUSE NO. _____

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

WHICHITA FALLS DIVISION

= = = = = = = = = = = = = =

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §§ 1331(1) 1343 & 1983

= = = = = = = = = = = = = =

———————

JACKIE RUSSELL KEETER
PLAINTIFF

———————

## COMPLAINT WITH JURY DEMAND

Jackie Russell Keeter, Plaintiff
TDCJ-ID #00935295
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

[ * COVER * ]

Jackie R. Keeter
TDCJ-ID #00935295
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367


May 10, 2024


District Clerk
Federal Court
1000 Lamar St.,
Room 203
Wichita Falls, Texas 76301

re filing 1983

Dear Clerk,

Please find enclosed the original and one copy of Plaintiff's complaint pursuant to 42 U.S.C 1983.

Please note that a full and complete set of all exhibits, and grievances are attached to the original 1983 complaint.

Also find enclosed a request application to proceed in forma pauperis, with a 6 month print out, of my inmate trust fund account.

If you have any questions, I may be contacted at the above listed address.

Thank you for your kind assistance in this matter.

Sincerely,

/s/
Jackie R. Keeter/Plaintiff

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE ___NORTHERN___ DISTRICT OF TEXAS
## ___WICHITA FALLS___ DIVISION

JACKIE R. KEETER #00935295
Plaintiff's Name and ID Number
JAMES V. ALLRED UNIT
~~XXXXXXXXXXXXXXXXXXXXXXXXXXX~~

Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

MICHAEL WADDELL ALLRED UNIT

Defendant's Name and Address

NICKEY VAZQUEZ ALLRED UNIT

Defendant's Name and Address

SETH LIPPERT ALLRED UNIT

Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

## LIST OF DEFENDANTS CONT

CO JOHN DOE ALLRED UNIT

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? XXX YES ___ NO

        B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

            1.  Approximate date of filing lawsuit: April 7, 2020

            2.  Parties to previous lawsuit:

                Plaintiff(s) JACKIE RUSSELL KEETER

                Defendant(s) KARLA SADLAR, CHRYSTAL HUDSON, AND MICHELE FLORIDA.

            3.  Court: (If federal, name the district; if state, name the county.) NORTHER DISTRICT

            4.  Cause number: 1:20-cv-00066

            5.  Name of judge to whom case was assigned: MAGISTRATE JUDGE JOHN R. PARKER

            6.  Disposition: (Was the case dismissed, appealed, still pending?) STILL PENDING

            7.  Approximate date of disposition:

II.    PLACE OF PRESENT CONFINEMENT: ___JAMES V. ALLRED UNIT_____

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   **XX**YES ____NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: __JACKIE RUSSELL KEETER. JAMES V. ALLRED UNIT.__
   __2101 FM 369 N. Iowa Park, Texas 76367._____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: __MICHAEL WADDELL CO #5 JAMES V. ALLRED UNIT. ADDRESS: JAMES__
   __V. ALLRED UNIT 2101 FM 369 N. Iowa Park, Texas 76367_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__HE RETALIATED AGAINST PLAINTIFF FOR FILING LAWSUITS AGAINST TDCJ, AND FILING GRIEVANCES.__

Defendant #2: __NICKEY VAZQUEZ SGT. JAMES V. ALLRED UNIT. 2101 FM 369 N. Iowa Park, Texas__
   __76367._____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__SHE CONSPIRED WITH CO WADDELL TO RETALIATE FOR PLAINTIFF FILING GRIEVANCES AND LAWSUITS.__

Defendant #3: __SETH LIPPERT SGT. JAMES V. ALLRED UNIT. 2101 FM 360 N. Iowa Park, Texas__
   __76367._____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__CONSPIRED WITH DEFENDANTS 1 AND 2 TO RETALIATE FOR PLAINTIFF FILING GRIEVANCES AND LAW-__
__SUITS.__

Defendant #4: __JOHN DOE CO. JAMES V. ALLRED UNIT. 2101 FM 369 N. Iowa Park, Texas 76367.__

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
__CONSPIRED WITH DEFENDANTS 1,2, and 3, IN RETALIATING FOR FILING LAWSUITS AND GRIEVANCES.__

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Plaintiff is a well known writ writer/jail-house lawyer through the TDCJ prison system. After the Federal Court in Abilene, issued a 25 page order allowing Plaintiff to proceed past the screening process, the administration of the Allred Unit among other TDCJ officials, which word was made known. Defendant Waddell started harrassing me, and making comments/reference/to the pending lawsuit, and me filing grievances. Waddell would retaliate by denying privileges that he would allow other inmates, such as going straight to commissary after getting off work. Defendant Waddell said that I could go to commissary, when I learned not to file law suits against the,

VI.    RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks: Declaratory Judgment, Compensatory and Punitive    damages.

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
   JACKIE RUSSELL KEETER

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
   TDC #525802, 935295. Don't remember Federal #.

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?    ____YES XX ____NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date sanctions were imposed: _____

   4. Have the sanctions been lifted or otherwise satisfied?    ____YES ____NO

4

<u>STATEMENT OF CLAIM CONT</u>

prison system, and grieving correctional officers. January 29, 2023, defendant Waddell locked every inmate down that lived on 3 BLDG A-Wing, because one inmate was caught smoking K-2 dope. Plaintiff was mad because Officer Waddell whom was assigned to the front desk, and not assigned to A-Wing was administering corporal punishment to all of A-Wing inmate. The Officer assigned to A-Wing that day, was Officer Johnson. When she came by my cell, to shut the door, I ask her for a grievance. I told her that I was going to file a grievance on defendant Waddell for corporal punishment. She left, and a few minutes later, defendant Waddell appeared at my cell, jerked the door open very hard, and ask "WHAT IS YOUR PROBLEM ANYWAY?" I stated I want a grievance to write you up. He said you do, I said yes I do. Waddell said well you and your celly step out, I am going to search your cell, I said for what, Waddell said because I am going to break you from fling grievances and lawsuits against us. Me and my celly stepped out, and officer Waddell shook our cell down. He gave my celly a case, for a trash bag, and me a case for having a small bag, that I used to keep my commissary in. However, the inmate caught smoking dope received NO disciplinary case, and he was caught red handed. The inmate wasn't even locked up. Defendant Waddell ask me, what my statement was for the disciplinary case was going to be? I stated retaliation, and a violation of the first amendment. Waddell screamed "WHAT"!!!! Waddell then back out of my cell onto the run, and said in a loud voice. "WHAT DID YOU SAY KEETER, YOU SAY THAT 20 CELL HAS ALL OF THE DOPE"!!!! Waddell said let me go and see. Waddell went to 20 cell and told them that I was running my mouth about them having dope. I dropped a grievance against Waddell that evening. The next day, at shift change, SGT Vazquez relieved Waddell, he told her about me filing lawsuits, and threatening to write him up, and that I did write him up. About 8:30 p.m. SGT Vazquez came to my cell along with SGT Lippert, and CO John Doe, and made me leave for them to shake my cell down. I ask SGT Vazquez if this was because of Waddell, and she said

## STATEMENT OF CLAIM cont

"no, you are on the cell search list." However, she never showed me, after I requested to look. Moreover, two SGT and a CO that isn't even assigned to a BLDG wing does not conduct cell searches. The officer that was working 3 BLDG A-Wing floor had already done all of the listed cell searches for the night, and I was not own that list. The 3 named defendants stayed in my cell for about an hour, and only searched my property, and left me cellys alone. SGT Vazquez, Lippett and CO John Doe, took numerous items, which are all listed on the attached grievances, that I attempted to file against the named three, which disapeared, and was never seen again. However, I made copies which are attached hereto. The items taken just too mention a few, were sexually harrasing notes toward me from other inmates, that I was kepping to use at trial in the Abilene Federal Lawsuit. The defendants also took, the 25 page order issued by the Abilene Federal Magistrate John R. Parker. In short, they left with a half a commissary bag of my property, and never showed me anything. Likewise, I never received any confiscation papers. However, I am a Transgender, and I had a pair of home-made panties, which I received a case for, and two pair of pants, that Defendant Vazquez claimed was altered to fit tighter. I was placed on rec restriction and commissary restriction. However, Defendant Vazquez went even farther, the next day, she went to my prison job, where I worked as an alteration tailor in the Laundry. Defendant Vazquez attempted to talk Laundry Captain ~~XXXXXXXXXXXX~~ Farris, into firing me. However, Captain Farris called me in, and talked to me, and after I talked to her, and explained everything mentioned herein, nothing more was ever said about the incident from Captain Farris. Finally, I submit, that had I not had a pending lawsuit against TDCJ, been a writ writer, threatened to file a grievance on Defendant Waddell, None of the above listed and shown retaliation would have occured. I would never had my cell searched by the 4 defendants, and I would never had a disciplinary case written against me for anything.

C. Has any court ever warned or notified you that sanctions could be imposed?          _____YES⬛⬛⬛⬛NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: __4/25/24__
          DATE

Jackie Keeter
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____25th____ day of __April__, 20 __24__.
       (Day)         (month)       (year)

Jackie Keeter
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

CAUSE NO._____

## IN THE

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## WHICHITA FALLS DIVISION

---

### JACKIE RUSSELL KEETER
### Plaintiff,

### Vs.

**MICHAEL WADDELL CORRECTIONAL OFFICER V., NICKEY VAZQUEZ SGT. OF CORRECTIONS, SETH LIPPERT SGT. OF CORRECTIONS, JOHN DOE OFFICER OF CORRECTIONS.**

### Defendants.

---

### COMPLAINT WITH JURY DEMAND

### I. INTRODUCTION

This is a civil rights action filed by Jackie Russell Keeter, a State prisoner, for damages and declatory relief under 42 U.S.C. § 1983, alleging a violation of my First Amendment rights Freedom of Speech, by the above listed defendants for for filing lawsuits, and grievances which is a protected conduct of inmates.

### II. JURISDICTION

1.    The Court has jurisdiction over the Plaintiff's claims of violation Of federal constitutional rights under 42 U.S.C. §§ 1331(1), 1343 and 1983.

2.    Plaintiff brings this action declaratory relief and damges pursuant to 42 U.S.C. § 1983 to redress the depriviation, under color of state law, of rights secured by the United States Constitution.

3.    This Court has jurisdiction to grant monetary relief pursuant to 28 U.S.C. §§ 1331 and 1343, and to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the relevant events occured within this district; and pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and

-1-

belief, one or more defendants reside in and have offices in this district, and all defendants are residents of Texas.

5.     The court has personal jurisdiction over each and every defendant because, upon information and belief, all defendants are residents of Texas and were employed in Texas, acting under color of State law, during all relevant times.

### III. THE PARTIES

6.     Plaintiff Jackie Russell Keeter, a citizen of Texas, is a transgender woman in the custody of the TDCJ. She is serving a life sentence for indecency with a child, based on testimony that the victim later recanted. (1)

7.     During the relevant time frame, she was housed at all times at the James V. Allred Unit.

8X
8.     Defendant Michael Waddell was a CO V at the James V. Allred Unit during all relevant times. He is sued in his official and personal capacities.

9.     Defendant Nickey Vazquez is a SGT at the James V. Allred Unit during all relevant times. She is sued in her official and personal capacities.

10.     Defendant Seth Lippert is a SGT at the Allred Unit during all relevant times. He is sued in his official and personal capacities.

11.     Defendant John Doe was and is a Correctional Officer (CO), at the Allred Unit during all relevant times. He is sued in his official and personal capacities.

12.     Upon information and belief, all Defendants were residents of Texas and at all relevant times acted under color of state law.

### IV. FACTUAL BACKGROUND

A. Plaintiff had a First Amendment right to be free of retaliation after she filed a prior 1983 lawsuit against TDCJ, as well as threatened to file grievances against the named defendants...

13.     Plaintiff was assigned to the French M. Robertson Unit, and had been sence 2002. Plaintiff was given a major disciplinary case for a dirty UA for methamphetamine.

ft. 1
See John Floyd, Little or No Accountability for Prosecutorial Misconduct (May 22, 2012), https://www.johnfloyd.com/little-or-no-accountability-for-prosecutorial-misconduct/ (detailing the circumstances surrounding Plaintiff's conviction, including potential violations by prosecutors of Brady-V-Maryland in failing to turn over evidence tending to show Plaintiff's innocence).

14.  Do to the dirty UA Plaintiff was reclassified as a G5.

15.  Plaintiff was moved to close custody February 28, 2019.

16.  A week later plaintiff was violently sexually assaulted by her cell-mate, Victor Robinson.

17.  Plaintiff filed a 1983 civil suit against the 3 UCC TDCJ Officers, for failure to protect from a known violent inmate.

18.  Plaintiff, was notified by the Federal District Court in Abilene that a Spears hearing would be held in September 2021.

19.  As a result of this Spears hearing, the Federal Magistrate sent a copy of the lawsuit to officials and the Warden of the Allred Unit, that caused Officers from the Allred Unit to learn of the lawsuit.

20.  The case in Federal Court in Abilene, is styled Jackie Russell Keeter v. Lorie Davis, et al., Cause No. 1:20-cv-00066.

21.  In October of 2022 the Federal Magistrate issued a 25 page order stating that Plaintiff stated a viable and complaint upon which relief may be granted.

22.  March 22, 2023; the Federal Court in Abilene appoint 3 lawyers from the Jackson Walker lawfirm to represent Plaintiff, due to the merits of the case.

23.  The Warden of the Allred Unit was notified regarding the October 2022 order from the Abilene Federal District Court.

24.  Guards here at the Allred Unit started treating me harshly in some ways.

25.  Plaintiff was later retaliated against behind this lawsuit, as well as filing and threatening to file grievances against guards here at the Allred Unit.

26.  Upon information and belief, prior to this complaint, the named Defendants had been accused of retaliating on other inmates for the same reasons as stated herein.


B.  Plaintiff's History Prior To events Giving Rise to this lawsuit.

27.  Prior to the events described below, plaintiff has only had 2 minor disciplinary cases and one major disciplinary case in over 20 years of serving time in TDCJ.

28.  All past disciplinary cases contained non-violent incidents.

C. Defendants Waddell, Vazquez, Lippert, and John Doe, Violated Plaintiff's First Amendment Right, by retaliating against Plaintiff for filing a lawsuit against TDCJ Officials, and filing and threatening to file grievances against them. Both of these are protected conduct to which an inmate shall not be punished for or retaliated against.

29.    Plaintiff is a well known writ writer through the entire TDCJ system.

**1.  Defendant Wadell retaliated against Plaintiff**

30.    The first part of December 2022, Plaintiff returned to 3 BLDG, from work to where she lives.

31.    Defendant Waddell was working the front desk, where he is always assigned to work.

32.    Plaintiff noticed that Waddell was allowing other inmates returning from work to go straight to commissary.

33.    Plaintiff was returning from work herself, so she asked Defendant Waddell, if she could go to Commissary as well.

34.    Defendant Waddell stated "NO YOU CAN'T" because inmates that file lawsuits or grievances against us, or the system, I will always deny them any privilage that they are afforded. So, do without writ writer.

35.    Plaintiff admits that she was mad mad mad, but she calmed down, and thought that Defendant Waddell, would get over it.

36.    So, a second time, Plaintiff was returning back to his cell from work, and again plaintiff, sees defendant Waddell, allowing inmates returning back from work to go to the commissary. This is the middle of January 2023.

37.    Plaintiff again ask defendant Waddell if she could go to commissary, and again he stated "NO' because he was going to allow plaintiff to buy any stamps, typing paper or typing ribbons, which would aid her to file lawsuits, or grievances against them or the system that all of them work for.

38.    Plaintiff had no idea what to do, because the two denials regarding going to Commissary was minimal, even if it was out of retaliation for filing a pending lawsuit, and filing grievances on Correctional officers such as him.

39.    January 29, 2023, a female prison guard named Johnson was working 3 BLDG A-WING Pod. At the time she was working on the floor, and not in the picket, running the cell doors.

--6--

40. Mrs. Johnson was doing her walk through, when she walked by 4 cell, the inmate assigned to 4 cell, was and had been smoking K-2, and she smelled it.

41. Mrs. Johnson went back to the front desk, and told Defendant Waddell that the inmate in 4 cell on A-Wing was smoking K-2.

42. Defendant Waddell told Mrs. Johnson, to rack up/lock down A-Wing One section. This kind of conduct had been going on for a while, and Plaintiff, was finally tired of being locked down and punished for 23 hours for something that she had nothing to do with.

43. Mrs. Johnson came back to A-Wing, and told everyone to go to their cells. Mrs. Johnson started locking everyone up, on one row.

44. When Mrs. Johnson, got to three row, and was shutting the door on 17 cell, plaintiff was up-set, and told Mrs. Johnson, to bring her a grievance, because plaintiff was going to write up officer Waddell, and her for punishing everyone else, behind one inmate smoking K-2, when all they had to do was lock-up the inmate, and write him a disciplinary case.

45. When defendant Waddell came on the wing, he first went to the inmate, in 4 cell, and told him to quit smoking dope.

46. Defendant Waddell, next came up to 17 cell, where plaintiff lived, jerked to cell door open, and ask, "what is your problem" in a hateful voice.

47. Plaintiff said, I ask for a grievance, because she was tired of being punished for other people.

48. Officer Waddell got mad, and said I told you not to be suing us or writing grievances on us.

49. Defendant Waddell, then instructed plaintiff, and his celly Craig Edwards to step out, so he could conduct a cell search.

50. Plaintiff said "you know this is retaliation. Defendant Waddell, stated, are you threatening me? Plaintiff said NO, and stepped out of the cell, with his celly.

51. Defendant Waddell took about 15 minutes in plaintiff's cell, before calling plaintiff, and his celly back in.

52. Onece back in the cell, defendant Waddell, held up a plastic trash bag, and said whos is this/ Plaintiff said it was hers, and Waddell said well you are getting a case.

53. Plaintiff's celly Craig Edwards, said "NO" that's mine. Plaintiff was taking the blame, because Waddell had came after her, for filing grievances, lawsuits, and threatening to write Waddell up.

-5-

54.   Officer Waddell told plaintiff's celly, if I were you old man, I
      would stay out of this. But Edwards wouldn't so Waddell said you
      are also getting a case.

55.   Defendant Waddell, then turned on plaintiff, and said this       other
bag   is your, I found it in your locker. Plaintiff, said that little bag is
      what I keep my commissary in.

56.   Defendant Waddell, said he didn't care, he was writing the case an-
      way.

57.   Defendant Waddell, said what is your statement for the case. Plaint-
      iff, said retaliation, and a First Amendment right to file lawsuits,
      and grievances.

58.   At that statement Waddell, got mad, and said oh yeah, and back out
      on the run, and said "what, you are telling me that 20 cell has all
      the dope, let me go and see."

59.   Waddell walked down to 20 cell, jerked the door open, and said what
      are ya'll doing in here? The two inmates said nothing, why? Waddell,
      said, Keeter in 17 cell said ya'll had all the dope. The two inmates
      new plaintiff too wel for that.

60.   Never the less, plaintiff received a case for contraband,       and   so
      did her celly.

61.   Defendant Waddell's conduct was only because plaintiff had filed
      a lawsuit against TDCJ, filing grievances in the past, and threat-
      ning to write a grievances against him, for corporal       punishment.

62.   Officer Waddell would not have left his assigned post, to shake down
      plaintiff's cell, had plaintiff not had a lawsuit pending, and then
      threatened to write Waddell up.

63.   inmates, that get their cell searched, is on a list only a random
      list.

64.   The officer responsible for shaking cells down, are the officers
      assigned to that wing. Which would have been Mrs. Johnson, not De-
      fendant Waddell.

65.   A inmate has a first amendment right to file grievances, or lawsuits
      to ask the Government for redress, of violations committed against
      them and their person, without being punished.

66.   Plaintiff received punishment of 30 days Commissary restriction,
      and 30 days rec restriction.

67.   Plaintiff, has shown a clear case of retaliation by defendant Waddell,
      and not merely conclusory allegation or de minimus accusations.

68.    Plaintiff, filed a motion for TRO against officer Waddell explaining that officer Waddell was retaliating against her, for the pending lawsuit in the Abilene Court. The Federal Magistrate John Parker in Abilene ask the Attorney General's Office to respond. Which they did.

69.    Plaintiff's request for a TRO with the Abilene Federal Court, alerted some iportant people to the problem, and the Warden of the Unit Timothy Hooper talked to Defendant Waddell, and Officer Waddell then backed off.

70.    Defendant Waddell's retaliation was enough to deter Plaintiff, from filing anything major against officer Waddel. Plaintiff did file a grievance against Waddell, but would not and did not file this 1983 civil suit until Officer Waddell retired in January Of 2024.

## 2.    Defendants Vazquez, Lippert, and John Doe retaliated against Plaintiff

71.    January 30, 2023, the night after Waddell's retaliation at 8:30 p.m., Plaintiff's cell door popped open.

72.    Plaintiff walked to the door, and SGT Vazquez pulled the door open. She had SGT Lippert, and officer John Doe with her. She said cell search and plaintiff, ask, is this about the problem with Waddell? SGT Vazquez said NO you are on the cell search list,.

73.    Plaintiff ask to see the list. Defendant Vazquez said NO harshly, go stand in the D-space. Plaintiff, told Vazquez, that she was on the cell search list a week ago, and cells only pop up, every 30 days, and besides SGT don't come to shake cells down, the officer on the floor does, and she has already did her cell searches in 3 section.

74.    SGT Vazquez again told plaintiff to go and stand in the D-space, that the floor officer had gone on break.

75.    Plaintiff walked out in the D-space, and looked up at the front desk, and saw the lady working our wing floor sitting behind the desk, releiving SGT Vazquez, while she was retaliating against me, on Waddell's word.

76.    While standing in the D-space, to other officers, came, and told the officer in the picket, that they were there to break, her and the floor officer. The woman in the picket was trying to shoo them away, and kept pointing to me. So, they left.

77.    The picket officer knew that SGT Vazquez was retaliating against me.

78.  When Plaintiff looked up towards the front desk, she saw the A-Wing floor officer sitting behind the desk, waiting for SGT Vazquez, Lippert, and John Doe (CO), to finish retaliating against plaintiff.

79.  It took about an hour, to finish shaking down, plaintiff's cell. When plaintiff entered the cell, SGT. Vazquez was walking out, with a bag of property. Never telling plaintiff what was in the bag.

80.  Plaintiff noticed that nothing belonging to her celly was touched. Which is another sign, that plaintiff was being retaliated against.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

81.  Some of the things stolen were the 25 page order issued in the already pending lawsuit against TDCJ, filed in the Abilene, Federal Division. Several pieces of sexually harrasing kites given to plaintiff by other inmates, that was going to be used in the pending 1983 civil suit. Plaintiff never received any of the items back, and received a disciplinary case for the kites that was realy legal work/evidence for court.

82.  SGT Vazquez, also gave plaintiff a disciplinary case, for pants that defendant Vazquez claimed was altered. As well as, home-made panties, that plaintiff had due to her Gender Dysphoria (GD).

83.  When the case that Waddell was ran, plaintiff received 30 days rec, restriction and 30 days commissary restriction. Then when the cases that defendant Vazquez gave to plaintiff, was ran, plaintiff, received 15 days rec restriction, and 15 days commissary restriction, for a grand total of 45 45.

84.  Plaintiff received all of the above punishment for no other reason than excersising her right to file grievances and lawsuits.

85.  A few days later, plaintiff's celly saw defendant Vazquez in the hallway, and told her about Waddell giving him a case, and Vazquez, told plaintiff's celly, yeah Waddell told me, and he said that it was because you got in his business. She said Waddell was after that white boy, your celly. See attached Declaration from Craig Edwards, at [EXHIBIT-A].

86.  Plaintiff has shown with clarity, facts, and exhibits, that Defendant Vazquez, Defendant Lippert, and Defendant John Doe acted in retaliation, when plaintiff sought redress for wrongs done to her. The redress, such as filing grievances, or lawsuits is a protected conduct which the law is clearly established.


D.  PAST CONDUCT OF THE DEFENDANT'S

87.  Plaintiff incorpates by reference all previous paragraphs of this complaint as if fully set forth herein.

-8-

88.    In a sworn inmate declaration, inmate Alex Contreras/AKA JO JO? AKA ALEXA. Details the brurality of defendant Waddell. See attached as [EXHIBIT-B]. These statements by JO JO, are completely evil, for what officer Waddell allowed to happen to her.

89.    In the sworn inmate declaration of Robert Cooper, he explains how defendant Waddell shook his cell down and wrote him false disciplinary cases which were thrown out. Then he received another false case from officer Castillo, because defendant Waddell told her to do it. See attached [EXHIBIT-C].

90.    In the sworn declaration of Dakota Wagner a Transgender, she explains that defendant Waddell retaliated on her, and other inmates for calling their family attempting to get help for an inmate named      Justin Szalla, which was Wagner's cell-mate at the time. Wagner goes on to state that she informed defendant on June 21, 2023, that her celly was threatening to kill himself, and defendant Waddell refused to do anything, and a few minutes later, a young man Justin Szalla, was found hanging in his cell. See attached [EXHIBIT-D].

91.    The actions and omissions of Defendant Waddell are so grave that they violated contemporary standards of decency, and it is clearly established that such conduct is deliberately indifferent, violates the Eighth Amendment's prohibition of cruel and unusual punishment.

92.    Likewise, the retaliation was a clear violation of the First Amendment to freedom of speech, and grieve the Government for redress of wrong doings.

93.    Likewise, see the sworn declaration of Leo Bennett, which is a reflection of the allegations made by plaintiff in this case. See attached [EXHIBIT-E].

94.    In this complaint, Plaintiff has: (1) shown that a specific constitutional right was violated, in this case, Plaintiff's First Amendment constitutional rights were violated by the defendants; (2) The defendants intended on retaliating against plaintiff for filing a 1983 civil rights suit against TDCJ, filing other grievances on the All-red Unit, as well as on January 29, 2023 threatening to file a grievance against defendant Wadell; (3) this was clearly a retaliatory adverse act, brung on because plaintiff was merely doing what he had a protected right to do; and (4) Had plaintiff not been a writ writer that filed lawsuits on TDCJ, as well as grievances against TDCJ correctional officers, the advserse act would not have occured.

95.    I was afraid of filing any griavances against the defendants, however, I notified the Abilene Federal Court of what was going on, the cat was out of the bag, as to say.

96.    The above conduct as listed by the above defendants, were enough to prevent plaintiff from filing this 1983 civil suit sooner. Defendant Waddell retired in January of 2024, and Defendant Vazquez was moved to the other side of the Unit. So, I felt safe about filing this suit.

97.    Finally, plaintiff presents as [EXHIBIT-I], the sworn declaration
from of Edward Munoz, who swore that Defendant Waddell came to his
cell accusing plaintiff of saying that him and his celly had drugs.
This was all part of defendants Waddell's retaliation against plaint-
iff for filing lawsuits, grievances, and threatening to file a gr-
ievance on Waddell.

98.    The harm to Plaintiff, was to her first Amendment rights, also as
a result of the Defendants' misconduct, including excruciating emo-
tional pain, as well as lasting phychic trauma. Thus, Plaintiff is
entitled to recover compensatory damages against all Defendants se-
perately and severally for the injury caused to his constitutional
rights, as well as, punitive damages in their personal capacities.

## V.
## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

99.    Plaintiff has exhausted her administrative remedies with respect
to all claims against defendant Waddell. The step one and Two gr-
ievances are attached hereto the original 1983 application and com-
plaint as [EXHIBIT-G].

100.    In 2021, plaintiff filed and requested a TRO from this Court, to
order the Allred grievances department to stop losing and destroying
grievances, to avoid civil liability.

101.    Along with the TRO request, plaintiff, attached declarations, from
other inmates, that were similiar situated because they too had the
same complaint/problem about the grievance department losing or de-
stroying their grievances as well.

102.    Administarive exhaustion remedies are unavailable as to defendants
Vazquez, Lippert, and CO John Doe.

103.    An inmate's obligation to exhaust hinges on the "availiability" of
administrative remedies. A prisoner is thus required to exhaust only
those grievances procedures that are "capable of use" to obtain "some
relief for the actions complained of."

104.    In this case plaintiff filed a step one grievances against defendants
Vazquez, Lippert, and CO John Doe. See attached [EXHIBIT-H].

105.    This grievance was returned as being filed to soon. Plaintiff placed
the grievances back in the box. Plaintiff did this at least 3 times.

106.    Plaintiff never saw this grievance again. The grievance department
said that it was returned again February 7, 2023. However, defendant
Vazquez passed out mail that night. The reason plaintiff remembers
this, is because February 7th, is her birthday, and she stayed up
all night, and saw defendant Vazquez passing out the mail. No doubt
she intercepted the grievance and desposed of it.

-10-

107.    Plaintiff, even attempted to file a step-two grievance which was returned unprocessed.

108.    Plaintiff again filed a step-one grievance against defendants Vazquez, Lippert, and CO John Doe. Plaintiff again never received any response, which seems to be the norm for the Allred grievance department. See attached [EXHIBIT-H]. Which is a copy of the missing step-one grievance.

109.    Plaintiff, did his part by filling out the grievance forms, and then placing them in the grievance box for processing. However, plaintiff had NO available remedies to exhaust the forgoing claims, with respect to defendants Vazquez, Lippert, and CO John Doe.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

1.    A declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

2.    Appropriate psychiatric treatment and counseling of Plaintiff's emotional distress and injuries suffered as a result of defendants' acts and omissions;

3.    Compensatory damages, including damages for the injuries to Plaintiff's rights, excruciating emotional pain, and last psychic trauma, against each defendant;

4.    Punitive damages against each Defendant;

5.    Reasonable attorney's fees and cost pursuant to 42 U.S.C. § 1988; and

6.    Such further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ _____  4/25/24

Jackie R. Keeter/Plaintiff
TDCJ-ID #00935295
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

-11-

[EXHIBIT-A]
[DECLARATION OF CRAIG EDWAARDS]

## INMATE DECLARATION OF CRAIG ALEXANDER EDWARDS:

Craig Edwards hereby declares:

I have been incarcerated for 18 years of a life sentence here at the James V. Allred CID Unit of the Texas Department of Criminal Justice. In January of 2023, me and my celly were retaliated against by Officer Wadell. He gave us both cases, from a retaliotry shake-down of our cell. He and my celly both filed on Officer Wadell, and this resulted in Sgt Vasquez retaliating against my celly. In February of 2023, I saw Sgt Vasquez in the hallway, and I told her, that her boy wadell gave me a case. She said yeah, I know, because you got in his business, when he was after that white boy Keeter, [your celly]. Vasquez, then said what has that white boy ever done for you. Nonetheless, I was on restriction. Vasquez and wadell kept harrassing my celly Keeter. However, Keeter had another 1983 lawsuit filed in the abilene Federal District Court. So, Keeter filed a request for a TRO along with a Motion for an injunction. The Federal Magistrate John Packer, ordered the Texas Attorney General's Office to file a response, as to why my celly should not be placed in Safe Keeping by the 15th day of March 2023. The General Counsel for TDCJ in Huntsville, then emailed the Unit Classification Lady Mrs. Vitolo, and told her to place my celly Jackie Keeter in safe keeping. My celly was interviewed by Lt. Young. Lt. Young went through the steps thus far, and NO safe keeping for my celly. So, as a result, Sgt Vasquez has now started harrassing me. I am a Baker in the kitchen, and because I am required to stay in the kitchen sometimes, up too 12 hours a day. Sgt Vasquez has called the kitchen, and told Officer Ballporter, to write me a disciplinary case for being out of place. Officer Ballporter said why, he is doing his job. Sgt Vasquez got mad. Officer Ballporter approached me, and asked what Sgt Vasquez had against me. I explained to her about what had trasnspired between Vasquez, Wadell, me, and my celly. Ballporter then informed me, that I should stay clear of Vasquez.

I returned in from work at around 12:45 a.m. Sgt Vasquez was at the front desk. She looked at me, and said Edwards, don't let those people in the kitchen get you fucked off. Because if you do not start coming back to your cell by 10:00 p.m. every-night, I will come up with something to write you a case for and get you fucked off. Everything that is happening to me, is in retaliation for my celly filing against them for me and him. My celly has a TRO and Motion for an Injunction filed against Vasquez and wadell in Federal Court in Abilene, and they are afraid to mess with my celly, so they are taking it out on me, until they can start on my celly again.

I Craig Alexander Edwards TDCJ-ID #1326400, declare under penalty of perjury that the foregoing is true and correct. Executed at the James V. Allred Unit on March 19, 2023.

/s/ ⟨signature⟩

Craig Alexander Edwards #1326400
Affiant

[EXHIBIT-B]
[DECLARATION OF ALEX CONTRERAS]

## INMATE DECLARATION OF ALEX RAY CONTRERAS:

Alex Contreras hereby declares:

I have been incarcerated for 12 years of a 28 year sentence. I am now assigned to the James V. Allred Unit. I was housed on close custody 8 Bldg from August to October of 2021. I was in J-Wing Cell 23 Bottom bunk. At the time, a Correctional Officer by the name of Wadell always used to work the front desk. For some unknown reason, Officer Wadell took an automatic dislike to me. At the time, I was housed with a very violent inmate, and I am a non-violent inmate. My cell-mate was always beating me up, because he didn't like Transgenders. I went to officer Wadell, which was a mistake, and ask him to please move me to another cell. He refused, even after I told him what was going on. However, officer Wadell did talk to my celly, and encouraged him to continue to beat me up, and promised him, that nothing would happen to him. I finally couldn't take it anymore, and cut myself, and had to be sent to the prison medical hospital for treatment. i attempted to file an IPI [Inmate Protection Investigation], report against Wadell, but they refused me. I thought that I could get away from what was happening to me. However, the Monford Unit Administration refused to file the IPI, and told me that I would have to wait until I was returned to the Allred Unit to file an IPI. In the past I had filed an IPI against several of my cellies for forcing me to have sex with them. Basically, sexually assaulting me. I had ask for safe Keeping on each occasion only to be denied. Each time safe prisons said the same thing unsubstantiated. Nonetheless, I waited until I was returned back to the Allred Unit, and requested to file an IPI. On February 17, 2023, I was interviewed about my IPI, by a Lt. Rushing. She basically refused to file the IPI against officer Wadell for getting my ex celly to beat on me.

A few days later, I was in the Commissary line, when this officer came and told me that Officer Wadell wanted to talk to me. I walked back to the front desk on 3 Bldg, were, Wadell was working, and he said, LT Rushing called me, and said that you tried to file a IPI against me. I was afraid to say anything. Officer Wadell was retaliating against me. He then told me, that if I ever brought up his name in anything else again, that he would have every-person on A-Wing where I lived drug tested, and tell them all, that I was the one that told on them. I wqs scared, this is a dangerous Officer, that should have been in handcuffs a long time ago. This same statement came from other Correctional Officers within the last few weeks. Officer Wadell has retaliated against several other inmates in the past, had inmates beat up, most inmates are afraid to say anything against him. Likewise, Officer Wadell, encourages Sgt Vasquez to do the same thing, and that is go behind him, and retaliate as well.

I Alex Ray Contreras TDCJ-ID #01776316, declare under penalty of perjury that the foregoing is true and correct. Executed at the James V. Allred Unit on March 9, 2023.

/s/ Contreras, Alex, Ray  TX08132517
Alex Ray Contreras #1773616
Affiant

[EXHIBIT-C]
[DECLARATION OF ROBERT COOPER]

INMATE SWORN DECLARATION OF FACTS

"I Robert Cooper  TDCJ-ID #01995766, declares that I am over the age of 18, and competent and able to make this affidavit of fact, and do swear that the following is true and correct under the penalty of perjury."

"On April 2, 2023, my cell was shook down with no probable cause by Sgt Vaden and Officer Waddell. (I was not on the cell search shake-down list). Shortly afterwards, I received a contraband case for a homemade lighter, which in the report was said to have been found in my possession; case Number 20230139833. However, the substitute counselor found that there were NO merit to sustain these allegations, and dismissed the disciplinary case. On the same date female officer Castillo was instructed (as she told me) to write a code 20 case on me by Sgt Vaden and Waddell, which she did. In the report she stated I was standing in the door with the light on masturbating at 11:00 a.m. The camera shows this was also a False accusation. Case Number 20230139829. Theres a concerted effort by this group, Waddell and Sgt Vaden to do harm to any inmate that they do not like. And they often target individuals whos sexual preference differ from theirs, or ones who has a mental impairment such as myself."

"I Robert Cooper  TDCJ-ID #01996766 do swear under penalty of perjury that the foregoing statement is true and correct, so help me God."

SIGNED ON THIS THE _2nd_ DAY OF JULY, 2023.

/s/ Robert Cooper
Robert Cooper
AFFIANT

[EXHIBIT-D]
[DECLARATION OF DAKOTA WAGNER]

## INMATE SWORN DECLARATION

"I Dakota Wagner TDCJOID #2256735, do hereby state that I am over the age of 18, and am competent to make this sworn declaratiob of fact."

"I was the cellmate to an inmate named Justin Szalla. Sometime in April, he was having sever siezures. He could not stop. He and other inmates reproted it to Sgt Vaden and Officer Waddell. They responded by going to our wing, to check on my celly. They found him laying outside of the cell, on the run, having another Siezure. Officer Waddell responded by proding my celly in the chest with his foot, and saying get up, and quit faking. I know your faking. Sgt. Vaden and Officer Waddell picked my celly up by the feet and hands and chunked him in the cell and slammed the door and both men left."

"Other inmates went and called their families and told them what Vaden and Waddell had done. So, those family members called my cellys family, and told them what was going on. That family called the unit, and Officer Waddell got mad, and came back to our wing and said I know someone from here called on me. Now I am going to start shaking your houses down. Officer Waddell did exactly that, he shook our houses down and wrote several bogus cases."

"This was in retaliation for him getting in trouble. However, Officer Waddell was not done with retaliating against me poor celly. On June 21, 2023, my celly said he was going to kill himself. I went to the front desk and reported this to Officer Waddell. I told him that my celly was talking about killing himself, and officer Waddell responded by telling to get away from the front desk or he would write me an out of place disciplinary case. So, I walked off. About 30 minutes later, my celly Justin Szalla was found hanging dead in our cell. They wouldn't even cut him down for at least 30 minutes."

SIGNED ON THIS 7 /6 DAY OF JULY, 2023.

"I swear under penalty of perjury that the foregoing statements are true and correct."

/s/
Dakota Wagner
AFFIANT

[EXHIBIT-E]
DECLARATION OF LEO BENNETT]

## INMATE DECLARATION OF LEO BENNETT

"My name is leo bennett TDCJ-ID#01756879. I hereby assert that I am over the age of 18, and am competent to make this affidavit of fact, and hereby state and swear under penalty of perjury that the following facts are true and correct."

"Everything mentioned herein occured in February of 2022." "In February of 2022 I stopped at the front desk and ask Officer Waddell for a Grievance, and he threatened to lock me up and write me a case for being out of place. I stated that it is my right to file a grievance if I have a problem with an officer. Hr said that I needed to watch who I wrote up. I turned and left without a grievance to keep from being locked up. About 30 minutes later, officer Waddell came to my cell to shake me down, even though he was not assigned to my wing. I ask him what I was being shook down for, and he said that sence you want to write us up, I am going to see what I can write you up for. Thank god he didn't find anything, but he through my things all over the cell, and ruined some of my family photos by pooring coffee and water all over them. Some where pictures of my dead grandmother, that I can't replace. I filed a grievance on officer Waddell, for retaliation. I did this the very next day. I never saw the grievance again, after I dropped it in the grievance boxx. The grievance department here, throws away grievances filed against certain officers. Anyway, for filing the grievance against officer Waddell Sgt. Vazquez, came and shook my house/cell down. She found a shank that belonged to my celly, and blamed me, and locked me up, for a couple of weeks and then I was released without a case, or any kind of punishment. I then filed another grievance against Sgt Vazquez for retaliation, and that grievance also came up missing."

"All of the above are true and correct. This unit on a daily basis retaliates on any inmate that files grievances or lawsuits. Then all grievances are disposed of by the grievance department to try and stop any potential lawsuit from being filed."

SIGNED ON THIS THE 17 DAY OF July 2023.

/s/ ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
Leo Bennett No. 01756879
AFFIANT

[EXHIBIT-F]
[STEP ONE & TWO GRIEVANCES AGAINST DEFENDANT WADDELL]

[EXHIBIT-G]
[STEP ONE & TWO FILED AGAINST VAZQUEZ,LIPPERT JOHN DOE NEVER FOUND]

CAUSE NO. _____

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

WHICHITA FALLS DIVISION

= = = = = = = = = = = = =

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §§ 1331(1) 1343 & 1983

= = = = = = = = = = = = =

JACKIE RUSSELL KEETER
PLAINTIFF

COMPLAINT WITH JURY DEMAND

Jackie Russell Keeter, Plaintiff
TDCJ-ID #00935295
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

[ * COVER * ]

JACKEE KEEFER #95295
ALLRED UNIT
2101 FM. 369
IOWA PARK, TX 76367



Legal Mail

Federal
DISTRICT CLERK
Federal court
1000 LAMAR St,
Room 203
WICHITA FALLS, tx 76301

RECEIVED
JUN -4 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION